| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re:<br><br>PAUL BYUNG KANG,<br><br>                                      Debtor.<br>-------------------------------------------------------------x<br>ROY BABITT, CHAPTER 7 TRUSTEE OF<br>THE ESTATE OF PAUL BYUNG KANG,<br><br>                                      Plaintiff,<br><br>            -against-<br><br>WILTON ESTATES, INC.,<br><br>                                      Defendant.<br>-------------------------------------------------------------x | **NOT FOR PUBLICATION**<br><br>Chapter 7<br><br>Case No. 05-48707 (ALG)<br><br>Jointly Administered<br><br><br><br><br><br><br><br>Adv. No. 07-02003 (ALG) |

## MEMORANDUM OF DECISION

A P P E A R A N C E S:

ARENT FOX LLP
Counsel for Plaintiff
  By:   Schuyler G. Carroll, Esq.
          Jeffrey D. Vanacore, Esq.
1675 Broadway
New York, New York 10019

GOLDBERG, SCUDIERI, LINDENBERG & BLOCK, P.C.
Counsel for Defendant
  By:   Mark K. Lindenberg, Esq.
45 West 45th Street, Suite 1401
New York, New York 10036-4602


**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is a motion for summary judgment filed by the plaintiff, Roy

Babitt, the Chapter 7 Trustee (the "Trustee") of the above-captioned debtor (the

"Debtor"). The motion relates to a dispute over attorney's fees accrued in a holdover proceeding litigated in the New York State courts between the Debtor and its landlord, Wilton Estates, Inc. (the "Landlord"), the defendant in the above-referenced adversary proceeding.

Background

The landlord-tenant litigation between the Debtor and the Landlord was ultimately resolved through a stipulation, in which both parties reserved their rights to seek monetary claims against the other. The Debtor subsequently sought reimbursement of his legal fees pursuant to § 234 of the New York State Real Property Law.[1] On May 12, 2005, the Civil Court of the City of New York ruled that the Debtor was entitled to legal fees. On April 24, 2006, the Appellate Term, First Department, affirmed the order on the Landlord's appeal. After the Landlord apparently brought the Debtor's Chapter 7 petition to the attention of the Civil Court, that Court, on October 31, 2006, further held in a written opinion that the Debtor could not personally recover fees but that his Chapter 7 Trustee would have the right to seek a judgment for the attorney's fees and costs. The Trustee thereupon brought the above-referenced adversary proceeding seeking such amounts and subsequently filed this motion for summary judgment. The motion attaches

---

[1] Section 234 states, in part:

> Whenever a lease of residential real property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses . . . there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant . . . in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant.

2

detailed time records of Debtor's counsel in the State Court proceedings, Green & Cohen, P.C.[2]

Counsel for the Landlord failed to timely respond to the Trustee's summary judgment motion, and on the date scheduled for a hearing on the motion, February 20, 2008, appeared before the Court requesting an adjournment. The reason given for the request was the need to obtain an affidavit from the lawyer who had represented the Landlord in the underlying State Court proceedings. At the hearing, counsel to both parties agreed that the only issue before this Court was the reasonableness of the underlying fee request, counsel to the Landlord asserting the fees were "grossly overinflated." The Court granted additional time for counsel to file the requested affidavit, requiring that the affidavit include specific challenges to specific time entries. The Court inquired whether counsel wanted an evidentiary hearing; both parties agreed that a hearing would not be necessary and that the Court could review the billing records submitted. The Court then determined that an evidentiary hearing would not be necessary and that the matter would be decided on the papers. At the hearing, counsel to the Trustee further advised that it would also be seeking payment for its fees in attempting to collect an award.

A Stipulation and Order Extending Deadlines (the "Stipulation") was subsequently signed by the parties and approved by the Court, in which it was acknowledged that "the Court granted the Defendant leave to file an affidavit . . . setting forth which time entries and charges in the Summary Judgment Motion the Defendant specifically objects to . . ." and that "[t]he Parties consent to a ruling on the Summary

---

[2] The amount requested in connection with the State Court proceedings is $40,554.87, including $32,094.45 in attorney's fees for the State Court litigation and $8,460.42 in interest calculated through April 15, 2008. The Trustee filed a Supplement to Motion for Summary Judgment, seeking an additional $45,729.76 for fees and expenses incurred by the Trustee's counsel in enforcing the award against the Defendant.

3

Judgment Motion based on the pleadings submitted by the April 15, 2008 deadline." (Stip. & Order Extending Deadlines, Docket # 14.) The Stipulation was signed by counsel to the parties on March 12, 2008 and "So Ordered" by the Court on March 19, 2008.

The Issues

Notwithstanding its Stipulation, counsel to the Landlord filed an Affirmation in Opposition to the instant motion arguing that a genuine issue of fact exists with respect to the amount of the award and that this requires a trial by a finder of fact (Lindenberg Affirmation, ¶ 7). Counsel goes on to argue that the Landlord is entitled to setoff or recoupment of amounts due to it by the Debtor against pre-petition and post-petition rent owed by the Debtor. (Affirmation ¶ 20.)

Neither assertion has any basis in light of the record of this matter. The Landlord stipulated to the issues that had to be decided in this adversary proceeding and that the issues could be decided on the papers. The Landlord offers no reason why its own stipulation should be disregarded, and it will not be. *See In re Stein & Day, Inc.*, 83 B.R. 221, 226 (Bankr. S.D.N.Y. 1988), citing *International Distribution Centers v. Walsh Trucking Co., Inc.*, 62 B.R. 723, 727 (S.D.N.Y. 1986); *United States v. Board of Education of the City of Chicago*, 588 F. Supp. 132, 239 (N.D. Ill. 1984); *In re Haddad*, 68 B.R. 944 (Bankr. D. Mass. 1987). Furthermore, the reasonableness of attorney's fees is routinely determined on papers. S*ee, e.g., Woodard v. Shaw*, 2008 Bankr. Lexis 1266 (Bankr. N.D.N.Y. April 18, 2008); *Bank of New York v. Flag Telecom Group Ltd.*, 2007 Bankr. Lexis 2481 (Bankr. S.D.N.Y. July 16, 2007).

As to the Landlord's setoff and recoupment contentions, the Landlord failed to preserve these arguments in the Stipulation or in proceedings before the New York court.

4

The October 31, 2006 decision of Judge Wendt rejected certain of the Landlord's objections to the legal fees sought by the Debtor and denied the Debtor's motion for fees, "without prejudice to a motion by the bankruptcy trustee seeking a judgment for the attorney's fees owing to respondent [the Debtor] as per prior order of this Court and the Appellate Term First Department." (Decision, p. 10.) This Court cannot and will not review the State Court decisions. *See Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987). The Bankruptcy Code does not create setoff rights, but merely recognizes those deriving from State law. *See* 11 U.S.C. § 553; *Citizens Bank v. Strumpf*, 516 U.S. 16, 18 (U.S. 1995) ("Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy."). It is a creditor's burden to prove its right to setoff or recoupment. *Global Cable, Inc. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, No. 02-CIV- 9770 (RCC), 2006 U.S. Dist. LEXIS 37112, at *11 (S.D.N.Y. June 6, 2006), citing *Geron v. Schulman (In re Manshul Constr. Corp.)*, 2000 U.S. Dist. LEXIS 12576, No. 97 Civ. 8851 (JGK), No. 99 Civ. 2825 (JGK) (S.D.N.Y. Aug. 30, 2000). The Landlord failed to assert any setoff or recoupment rights in the State courts, or reserve them in the Stipulation, and there is no basis for their tardy resurrection.

Moreover, if the Debtor remained in possession after the petition date without payment of rent or use and occupancy, the Landlord has a right to pursue him for all sums due, unaffected by the bankruptcy filing. *See Stoltz v. Brattleboro Hous. Auth. (In re Stoltz)*, 315 F.3d 80, 86, n. 1 (2d Cir. 2002) ("A rejected lease is treated as if the debtor breached it immediately prior to the petition date, 11 U.S.C. § 365(g), and the parties are generally left with the rights and remedies available outside of bankruptcy law"); *In re Marcano*, 288 B.R. 324, 329-330 (Bankr. S.D.N.Y. 2003). The Chapter 7 Trustee is not,

5

under the circumstances here, liable for the Debtor's post-petition tenancy. On the other hand, nothing in this Decision should affect any right the Landlord may have to file a pre-petition claim for pre-petition rent or to pursue the Debtor personally for post-petition rent.[3]

Objections to Fees

Passing to the only issue that the parties' Stipulation left open, the Lindenberg Affirmation attaches as Exhibit A an affirmation of Charles Small, counsel to the Landlord in Civil Court. Mr. Small argues that

> Kang concealed his Bankruptcy Court filing from Housing Court and he concealed his claims for attorney's fees from the Bankruptcy Trustee. Therefore, preliminarily, all billing by Kang's attorneys, Green & Cohen, relating to Kang's efforts to recovery [sic] attorney's fees in Housing Court must be deducted, to wit: the last eight pages of the Green & Cohen statements . . ."

(Small Affirmation ¶ 5.) Since the State Court ultimately decided that the Trustee should pursue the recovery, the Court will disallow the amount of $4,351.25 in fees accrued by the Debtor in the State Court proceeding subsequent to the Debtor's filing for bankruptcy on October 16, 2005.

Mr. Small then goes on to make several conclusory statements that the tenant's firm, Green & Cohen "dealt in volume," that during the State Court proceedings there were many times he "had to wait" for counsel's appearance. (Small Affirmation ¶ 6.) This objection is vague, unsupported by objections to specific billing detail, and is overruled.

---

[3] After reopening the case to administer this asset, the Trustee filed an Initial Report of Trustee in Asset Case on April 18, 2008, and on May 29, 2008, the Clerk of the Court filed a Notice of Possible Payment of Dividends and of Last Date to File Claims. Proofs of claim must be filed by August 27, 2008.

Mr. Small also argues that "significant time was due to Paul Kang's repeated failure to comply with orders of the Housing Court requiring him to pay use and occupancy and provide discovery including the production of documents and submitting to an examination before trial." (Small Affirmation ¶ 7.) However, this argument is unsupported and counsel has failed to point out which hours are objected to on this basis, as specifically ordered by the Court.

Counsel objects entirely to billing relating to the period from January 12, 2004 through March 31, 2004, on the basis that on January 12, 2004, an adjournment was granted so Green & Cohen could move to be relieved as counsel to the Debtor, which request was granted on January 24, 2004. Mr. Small notes that Green & Cohen subsequently reappeared seeking to vacate a judgment in favor of the Landlord. The Court will deduct fees for the indicated period in the amount of $3,343.75.

The only specific time entry that counsel alleges is excessive is a five-hour charge in connection with a deposition on April 29, 2004. It is asserted that the deposition began at 2:50 p.m. and concluded at 4:28 p.m., for a total of 1 hour and 38 minutes. The Court will reduce this amount by three hours, or $885, taking into account additional time obviously related to travel.

Trustee's Legal Fees

Counsel to the Trustee also seeks $45,729.76 for fees and expenses incurred in enforcing the award of attorney's fees. The billing detail attached to this request indicates 128.30 hours expended specifically in respect of enforcing the judgment.

The Trustee's papers detail the history of this matter and the reasons for the fees. Specifically, the Trustee alleges that several initial attempts were made to settle, but were met with resistance on the part of the Landlord. The Trustee filed the complaint, and a

7

deadline of October 9, 2007 was set for the Landlord to file a response. The Landlord failed to timely respond and had not responded by the time the pretrial conference was held on October 17, 2007. The Trustee requested that a default be entered, but the Court granted the Landlord additional time. On October 22, 2007, the Landlord filed an answer, which was amended on October 26, 2007. The Landlord also indicated at the pretrial conference that it planned to file a motion for abstention. The Court allowed additional time and set December 7, 2007 as the deadline for filing such motion. Despite this, a motion for abstention was never filed. The Trustee filed its summary judgment motion on January 24, 2008. As noted above, the Landlord again failed to respond on a timely basis. A hearing was held on February 20, 2008, at which time opposition had not been filed, though counsel to the Landlord appeared and stated his verbal objection to the fees, as noted above.

The Trustee was clearly required to expend a considerable amount of time and resources in pursuing the fees awarded by the State Courts. Moreover, the Trustee is entitled to fees pursuant to § 234 of the New York State Real Property Law. Under New York State law, "a 'fee on a fee', i.e., a fee for services performed to recover a fee, is recoverable under Real Property Law § 234." *Senfeld v. I.S.T.A. Holding Co.*, 235 A.D.2d 345, 346, 652 N.Y.S.2d 738 (N.Y. App. Div. 1st Dept. 1997); *see also Nestor v. Britt*, 834 N.Y.S.2d 458, 465 (N.Y. Civ. Ct., N.Y. County 2007).

However, the Stipulation entered into by the parties gave the Trustee until April 8, 2008 to file a supplement to its Summary Judgment Motion seeking attorney's fees, with Landlord's counsel to have until April 15, 2008 to respond to the request by the Trustee. Although the Trustee filed a Supplement to Motion for Summary Judgment on April 16, 2008, which was accompanied by detailed time records, it was late. Under the

circumstances, the Court will grant the Landlord 20 days from the date of this decision to respond to the Trustee's request for his counsel's fees.  Any response by the Landlord must include detailed objections to the specific fees disputed.  The Trustee may have 10 days to reply.  The Court will then enter a final order.

### Conclusion

The Trustee is entitled to $23,514.45 in legal fees (after an $8,580 reduction) for the work of the Debtor's counsel in the State Court proceeding.  The Trustee is also entitled to interest on this sum in accordance with New York State law.  *See 119 Fifth Avenue Corp. v. Berkhout*, 135 Misc.2d 773, 774, 516 N.Y.S.2d 877, 877 (N.Y. County Civ. Ct. 1987).  Interest should run from May 12, 2005, when the Debtor was found entitled to legal fees.  *See Solow Mgmt. Corp. v. Tanger*, 19 A.D.3d 225, 226-27, 797 N.Y.S.2d 456, 458 (N.Y. App. Div. 1st Dept. 2005).  The Landlord may have 20 days from the date of this decision to file a detailed opposition to the Trustee's request for his counsel's fees accrued in enforcing the award, with the Trustee to have 10 days to reply.  The Court will then enter a final order.

Dated:  New York, New York
           June 3, 2008

                                                     */s/ Allan L. Gropper*
                                                    UNITED STATES BANKRUPTCY JUDGE